Aaron M. NADLER, Petitioner,

v.

SECURITIES AND EXCHANGE COMMISSION, Respondent,

Securities Corporation General, Intervenor,

Dynamics Corporation of America, Intervenor.

No. 22, Docket 26810.

United States Court of Appeals Second Circuit.

Argued Oct. 11, 1961.

Decided Oct. 31, 1961.

**64**

Cameron I. Kay, of Hale, Kay & Grant, New York City, for petitioner.

Mitchell S. Rieger, Associate Gen. Counsel, Securities and Exchange Commission, Washington, D. C. (Allan F. Conwill, Gen. Counsel, and Paul J. Kemp, Atty., Securities and Exchange Commission, Washington, D. C., on the brief), for respondent.

Bernard D. Cahn, New York City (Arthur W. Murphy and Stephen F. Selig, New York City, on the brief), for intervenor Securities Corporation General.

Bruce Bromley, of Cravath, Swaine & Moore, New York City (Allen F. Maulsby, Alan R. Finberg, and John W. Barnum, of Cravath, Swaine & Moore, New York City, on the brief), for intervenor Dynamics Corporation of America.

Before CLARK, WATERMAN, and MOORE, Circuit Judges.

PER CURIAM.

On December 30, 1959, the Securities and Exchange Commission, pursuant to § 17(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a—17(b), granted an exemption of § 17(a) thereof, 15 U.S.C. § 80a—17(a), for a proposed sale by Securities Corporation General to Dynamics Corporation of America of its stock holdings in a third corporation (Anemostat Corporation of America), and also pursuant to § 23(c)(3) of the Act, 15 U.S.C. § 80a—23(c)(3), permitted SCG to receive in exchange certain shares of its own preferred stock held by DCA, as well as cash. The present petition for review, brought by Nadler as a common stockholder of SCG, is from a Commission order of December 23, 1960, holding that no basis exists to revoke the prior order. Nadler's attack is based upon the claim that the SCG directors who sought the exemption were improperly chosen under § 16(a) of the Act, 15 U.S.C. § 80a—16(a)—being elected by the board of directors, rather than by the shareholders at a shareholders' meeting. The Commission, after hearing, found that there was a failure to comply with this provision, but that the failure was inadvertent and the persons involved were the major beneficial owners of the company and could have elected the same persons as directors and did so at the next regular stockholders' meeting in accordance with § 16(a). Then it made an extensive review of the evidence and found that there was no evidence of fraud or overreaching in the transaction and that the terms and considerations of the transaction were fair and reasonable. So it declined to revoke its exemption.

These findings, which are supported by the evidence, are crucial against the petitioner's claim. We see no basis for the conclusion that all acts by a board not chosen as required by § 16(a) must be considered void. The statute indicates that such a board has power to take action to secure a properly chosen board within a sixty-day period, which may be extended by the Commission. It would be an unsound policy, fraught with harm to the shareholders, to have everything done by such a board to carry on the corporation's normal business, especially within the statutory period, declared invalid. The Commission acted properly in carefully scrutinizing transactions during the interim period and in not voiding transactions found to be reasonable and proper in themselves. Nadler's further claims of inadequate hearing and lack of notice must fall because of the undoubted fact that eventually he was given a very full hearing.

Affirmed.